UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

SCOTT S. MARTIN,

                Plaintiff,

v.                                      5:15-CV-0239
                                      (GTS/WBC)
CAROLYN W. COLVIN
Acting Commissioner of Social Security,

                Defendant.

_____

APPEARANCES:                                OF COUNSEL:

SEVERANCE, BURKO & SPALTER        LOUIS R. BURKO, ESQ.
  Counsel for Plaintiff
16 Court Street, Suite 2800
Brooklyn, NY 2300


U.S. SOCIAL SECURITY ADMIN.          GRAHAM MORRISON, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this Social Security action filed by Scott S. Martin, against

the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C.

§§ 405(g) and 1383(c)(3), are (1) the Report and Recommendation of United States Magistrate

Judge William B. Mitchell Carter, recommending that Plaintiff's motion for judgment on the

pleadings be denied, and that Defendant's motion for judgment on the pleadings be granted, and

(2) Plaintiff's objections to the Report and Recommendation.  (Dkt. Nos. 23, 24.)  For the reasons

set forth below, the Report and Recommendation is accepted and adopted in its entirety.

## I.    PLAINTIFF'S OBJECTIONS

Generally, Plaintiff makes four arguments in objection to Magistrate Judge Carter's Report and Recommendation.

First, Plaintiff argues that the Court should reject Magistrate Judge Carter's finding that the ALJ's step three determination was supported by substantial evidence because both Magistrate Judge Carter and the ALJ failed to consider whether Plaintiff's ankle impairment medically equaled Listing 1.02(A).  (Dkt. No. 24 at 1-3.)

Second, Plaintiff argues that the Court should reject Magistrate Judge Carter's finding that the ALJ properly determined that no Listing was met based on the lack of medically acceptable imaging evidence because neither the ALJ nor Defendant cited this basis.  (*Id.* at 3-4.)

Third, Plaintiff argues that the Court should reject Magistrate Judge Carter's finding that the ALJ properly assessed Dr. Baxter's opinion.  (*Id.* at 4-6.)  Plaintiff argues that Magistrate Judge Carter (1) overlooked the ALJ's obligation to consider the impact of his need for frequent appointments on his ability to sustain work, and (2) failed to discuss the ALJ's duty to consider awarding a period of benefits for 2010 to 2011, during which Plaintiff was hospitalized at least eight times.  (*Id.*)

Fourth, and finally, Plaintiff argues that the Court should reject Magistrate Judge Carter's finding that the ALJ properly assessed Plaintiff's credibility despite the ALJ's errors in her analysis and failure to discuss a number of relevant factors.  (*Id.* at 6-8.)

## II.    APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's Report and Recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Parties may raise objections to the magistrate judge's Report

and Recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord,* 28 U.S.C. § 636(b)(1)(C). "A judge of the court shall make a de novo determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord,* Fed. R. Civ. P. 72(b)(2). "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 9-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 [N.D.N.Y. 2008]) (internal quotation marks omitted).

### III.    ANALYSIS

The Court finds that Plaintiff's objections largely restate arguments presented in his initial brief. (*Compare* Dkt. No. 24 *with* Dkt. No. 15.) To the extent that Plaintiff's objections raise specific objections to Magistrate Judge Carter's findings, the Court reviews these portions of the Report and Recommendation *de novo.*

First, regarding Plaintiff's argument that the ALJ and Magistrate Judge Carter failed to consider whether Plaintiff's ankle impairment medically equaled Listing 1.02(A), the Court finds that Plaintiff's argument is without merit. A review of the complete record indicates that both the ALJ and Magistrate Judge Carter expressly stated that they considered whether Plaintiff's ankle impairment medically equaled a Listing, and properly determined that it did not. (Dkt. No. 8, at 14, 17, Dkt. No. 23, at 7-9.)

Second, regarding Plaintiff's argument that Magistrate Judge Carter erred in citing the lack of medically acceptable imaging evidence of Plaintiff's ankle in the medical record, the Court finds this argument without merit because Magistrate Judge Carter correctly noted that Listing

1.02(A) expressly requires findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). (Dkt. No. 23, at 9.) Accordingly, Magistrate Judge Carter properly noted that the record did not establish this specific criterion of Listing 1.02(A). (*Id.*)

Third, and finally, regarding Plaintiff's third and fourth objections set forth above, the Court agrees with Magistrate Judge Carter that the ALJ's assessment of Dr. Baxter's opinion and the ALJ's credibility determination were supported by substantial evidence for the reasons set forth in the Report and Recommendation. (Dkt. No. 23, 9-13, 20-24.) Moreover, the Court agrees with Magistrate Judge Carter that any error in the ALJ's assessment of Dr. Baxter's opinion and the ALJ's credibility analysis would be harmless under the circumstances for the reasons discussed in the Report and Recommendation. (Dkt. No. 23.)

The Court finds that the balance of Plaintiff's objections merely reiterate arguments presented in his initial brief and therefore the Court reviews the balance of Magistrate Judge Carter's Report and Recommendation for clear error only. (*Compare* Dkt. No. 24 *with* Dkt. No. 15.) After carefully reviewing the relevant filings in this action, including Magistrate Judge Carter's thorough Report and Recommendation, the Court can find no clear error in the Report and Recommendation. (Dkt. No. 23.) Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id.*)

**ACCORDINGLY,** it is

**ORDERED** that Magistrate Judge Carter's Report and Recommendation (Dkt. No. 23) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u>.**

Dated:  August 26, 2016
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge